Next case on our calendar is Ilana Morgan v. The County of Warren et al. Good morning, Your Honors. My name is Kevin Louie Brandt. I represent the appellant, Ilana Morgan. The court below and the government in response to his brief is laying its defense that there was I believe that that's not the end of the argument. And I think that, Your Honors, decisions in the Supreme Court decisions say that there's a further analysis that's required. According to this court's decision in Velez, a quote, post deprivation remedies do not suffice with the government actor in question is a high ranking official with final authority over significant matters. What that means is if the decision maker, the person responsible for setting up the process for which there was a pre-termination deprivation, which has already been found by the appellate division, the New York State Appellate Court, when that person exercises his or her authority in manifesting the deprivation, the post deprivation remedy is not sufficient. The Supreme Court in Zinnerman, which was recently cited by this court in de Blasio. Mr. Louie Brandt, are you arguing, I mean, it seems a little bit like you're mingling the procedural and the substantive due process claims. I mean, wasn't Velez regarding substantive due process? Velez addressed both substantive and procedural. It had arguments for both findings with respect to both. Right, but with regard to this question of the random or unauthorized decision maker part of it, that doesn't go to the question of procedural due process. Because in the procedural due process, doesn't the case, the case law does acknowledge that a post deprivation hearing can be sufficient to remedy. A post deprivation process can be, but it's not always. A further analysis is required, and Velez does say that. According to Velez, the post deprivation- What further analysis? Whether the actions were random and unauthorized versus the exercise by the person empowered to make the decisions. So, for example, in de Blasio, the de Blasio court set forth it the best. It says that where a state delegates to the defendants the power and concomitant duty to initiate the procedural safeguards set up by state law to guard against unlawful deprivation. Abuse of that authority is not considered random and unauthorized. What that means is if it's not random and unauthorized, then it is actionable, even if there's a post deprivation hearing. That post deprivation hearing does not satisfy the due process, the procedural due process components of the 14th Amendment. Isn't that- I mean, again, it still seems that there's a little bit of mingling going on here. With regard to specifically just procedural due process, if there's been- If there has been a deprivation of that process, usually the remedy is more processed. That's not what's being sought here, and so to the extent that you're talking about procedural due process, the fact that there was a subsequent Article 78 proceeding at which relief was obtained, and at which I don't believe you're arguing, or I should say, I don't believe the complaint says was inadequate, that sort of does seem to answer the procedural due process. And so if you're talking about substantive due process, then that's a different question, different standard. Right. Actually, right now I'm talking about procedural due process. So what's the process that there was a pre-deprivation, there was some kind of- There was a deprivation, but it was followed by post deprivation remedy. What's left of the procedural due process claim? So the procedural due process claim is not decided by the process accorded in the Article 78 proceeding. And there's cases where there's Article 78 process that was available and not taken advantage of, and on cases where Article 78 process was sought and lost, and the court still- This court still recognizes that there is a due process and a procedural due process violation, that the existence of the Article 78 process doesn't- There are cases where someone is fired, and then there's a pre-termination hearing in front of someone who is arguably not neutral, like the firefighter case. And then the whole thing is that if there's a full and fair post-termination hearing, and that bars the procedural due process claim. How do you get around those cases? Why don't those cases control here? The Licordo case, I think, is what the government relies upon. And the Licordo case states on this very point that the court called this law a morass. The law in this area said it was a morass that the court did not want to become involved in. But in that case, you had firemen and policemen. They purportedly engaged in misconduct. They had a pre-termination hearing in front of arguably biased adjudicators, right? But then later on, there's an Article 78 hearing, full and fair, and we held no procedural due process claim. How is that case different from this one? Because in this case, the very person that set up the due process at the pre-termination was created a corrupt process from beginning to end. It was corrupted. I don't think there was an allegation of corruption in Licordo, but there was an allegation that their bias infected the hearings. Right. So it's similar to what we have here. I think it's different in two scores. Difference in degree. Well, two scores. I would say more than degree. The Licordo court went on to say that, by the way, there was a process within the Administrative Procedure Act for the party to ask for the recusal of the biased hearing officer. That process existed, and they didn't take advantage of that. And so the court found they didn't take advantage of that, and that was a factor. I would also point to the court in the Velez case, which was subsequent to Licordo, where it said that post-deprivation remedies do not suffice, where the government actor in question is a high-ranking official with final authority over significant matters. That's the defendant in this case. That's the county attorney. The county attorney set up a process where she received information that was false information to try to get rid of a civil servant because the person making the complaint, which was somebody she had a relationship with, a political relationship, had a vendetta to carry out. It was apparently bad conduct, but in the end, their client was reinstated by the third department. I don't believe that that washes over, and I don't believe the case law says that that Article 78 under Velez is a proceeding that resolves the due process violation in the first instance. In terms of substantive due process, Velez suggests that the claim is assumed into, there I think it was an equal protection claim. Why isn't the substantive due process claim here subsumed into the procedural? In Velez, the court made a finding initially that there was sufficient facts to allege a due process violation, and then concluded that because there were independent constitutional arguments, a First Amendment claim, an equal protection claim that were separate and independent, that that caused the court to find that there was not a due process violation. That it would not find a substantive due process violation as long as there were other constitutional violations that the petitioner, the plaintiff could use to vindicate their rights. And that was a critical part of the court's decision near the end of the decision. And how is that distinct from, I'm sorry, how is that distinct from this situation as well? Because in this case as well, there has been a remedy to address the harm, and so I understand, or as described in your brief, you raise the point that substantive due process obviously are distinct rights, but when the claim is based on the same set of facts, the law does say that if it can be remedied through the more specific procedural due process, there is not a separate substantive due process claim. I believe the court was referring more to independent constitutional rights, such as the First Amendment, or other constitutional rights that are not present here. I mean, if the argument is that we have a valid procedural due process claim, then that argument could carry the day. But I don't believe- Well, the argument would be you have a valid procedural due process claim that has been addressed and remedied. There was a due process, procedural due process violation. There was a post deprivation proceeding that has remedied that. Yeah, I believe that the court's decisions are that when there's a high-ranking official that takes the actions, that regardless of whether there's an Article 78 proceeding, that makes no difference at all to that deprivation. That deprivation in the first instance, when somebody concocts a scheme to get rid of, in this case, to get rid of an employee in what the court found was a violation due process, when that occurs, the Article 78 does not cure that violation. It is not sufficient to cure it, and that it survives. And I believe that the court's decision says that it carves out a specific exception. And that's contained in the Velez case and in the Supreme Court's decision in Zinnemann.  Good morning. May it please the court. Earl Redding, Romer, Wallins, Gold, and Moneau, attorney for the defendants at Velez, Warren County et al. It is our position that this was a due process allegation and cause of action in which the court's cases in Locurto and recently in Green in 2021 dispel and support the Northern District's decision to dismiss the case. Plaintiff received, appellant received all the process that was due here. She had a state law procedure. The state law procedure was found to be inadequate by the appellate division. She was made whole. That's all that was due here. The cases cited by appellant, de Blasio, and Velez, those are stigma plus cases. Those cases were generally where there was a statement made by the appointing authority or the decision maker before the pre-deprivation had occurred. We do not have that here whatsoever. We've cited the cases of de Blasio and Velez both in support of our case and also to distinguish the fact that here this is simply a due process cause of action that was dismissed below. As your honors have just pointed out, which we have pointed in our brief, the substance of due process claim is subsumed within the procedural due process claim. When you look at the complaint, there is no separate causes of action. There's nothing separate and distinct in terms of a violation of the law like you would have with a stigma plus here. These are the same exact facts. That's why under the law, as the Second Circuit has held time and time again, both in Velez and in Who, that the substance of due process claim is subsumed within the procedural due process and therefore it is dismissed. Again here, the plaintiff received all the process that was due at the Article 78 and the appellate division, and that's what the cases here in the Second Circuit clearly establish and show is the right method. And therefore, the Northern District of New York, we believe, made the correct decision here to dismiss the case. If there aren't any questions, I'd rest on my brief. Thank you. Thank you.